UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERA BROWN, *ex rel., R. B., a minor*,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security*,<br><br>    Defendant,<br><br>v.<br><br>SSAOGC,<br><br>    Interested Party. | Case No. 09-cv-249-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendations ("R&R") (Doc. 26) of January 27, 2010.

For the following reasons, the Court **ADOPTS** the R&R **in full**.

### **BACKGROUND**

In the R&R, Magistrate Judge Frazier recommends that the Court reverse and remand Defendant Michael J. Astrue's ("the Commissioner" of Social Security) decision to deny Plaintiff Jera Brown's ("Brown") daughter's application for disability and disability insurance benefits. Specifically, Magistrate Judge Frazier recommends that, if remanded, "the ALJ [Administrative Law Judge] should comply with Social Security Ruling 96-7p by explaining the reasons for her assessment of Plaintiff [sic] credibility.  Further, the ALJ should support her conclusion about [Brown's daughter's] ability to care for herself with specific evidence to allow

1

for a meaningful review." (Doc. 26, p. 1-2, 13-14). The R&R essentially addresses Brown's Motion for Summary Judgment (Doc. 13) and its briefing (Docs. 14, 16, 24), although the R&R does explicitly state as much. The Commissioner filed a timely Objection (Doc. 27) to the R&R, to which Brown filed a Response (Doc. 28).

## ANALYSIS

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, while the Commissioner contests both of Magistrate Judge Frazier's aforementioned recommendations, his two-page objection does so in a very generic fashion. He first takes issue with the finding that remand is necessary so that the ALJ can sufficiently support the conclusion that Brown's daughter is able to care for herself. Specifically, the Commissioner argues as follows:

> [T]he [ALJ's] error was harmless, because [Brown's daughter] cannot establish an *extreme* limitation in this domain [of functional equivalence of a child's impairment in the listings] (as she must given [sic] no limitation in the other five domains) where when still not six years old she could use a spoon and fork, drink from a glass, and put on and take off her clothing with only little assistance.

(Doc. 27, p. 1) (emphasis in original). However, this argument may be disposed of quickly as it

rests on a misassumption of fact. Contrary to the Commissioner's assertion, the ALJ found that Brown's daughter had a limitation in a domain other than caring for oneself, namely that she had a marked difficulty in moving about and manipulating objects. (Tr. 50). This is important because, as discussed at length in the R&R, a child will be eligible for social security benefits based on functional equivalence if the ALJ finds a marked difficulty in two domains of functioning listed at 20 C.F.R. § 416.926a(b)(1). 20 C.F.R. § 416.926a(a) (West 2010). Put another way, if it can be found that Brown's daughter had a marked difficulty in the domain of caring for herself or if a finding to the contrary cannot be supported by substantial evidence, then Brown's daughter would be impaired for purposes of the applicable regulations and qualified for Supplemental Security Income. Therefore, the Commissioner's argument is misplaced because any error on the issue would not be harmless.

The Commissioner's only other argument is that the ALJ sufficiently assessed Brown's credibility by incorporating her analysis of the six functional domains into her credibility finding. In her assessment of Brown's credibility, the ALJ stated that "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below." (Tr. 46). Indeed, by mentioning "for the reasons explained below," the ALJ's credibility "rationale" incorporates her analysis of the six domains. However, it does not specifically explain what made Brown's testimony so unpersuasive as is required under SSR 96-7p; rather, as

3

Magistrate Judge Frazier found in the R&R, the ALJ mistakenly "put the cart before the horse." (Doc. 26, p. 11). For these reasons, the Commissioner's argument on this issue must fail as well.

The Court has reviewed the remainder or unobjected-to portions of Magistrate Judge Frazier's R&R for clear error and finds that it is not clearly erroneous.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's R&R (Doc. 26) **in full**, which **GRANTS** Brown's Motion for Summary Judgment (Doc. 13), **REVERSES** the ALJ's decision denying Brown's daughter's application for disability and disability insurance benefits, and **REMANDS** for further proceedings consistent with the R&R.

**IT IS SO ORDERED.**
**DATED: April 27, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
