IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERA BROWN ex rel., ) | |
| R.B., a minor ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: **3:09-cv-00249-JPG-PMF** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. Plaintiff Jera Brown ("Brown") seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, alleging that the Defendant's position was not "substantially justified" and that Plaintiff is a prevailing party under EAJA.

**FACTS**

Plaintiff applied for Supplemental Security disability benefits under Title XVI of the Social Security Act, on behalf of her minor daughter, R.B., and R.B. was found not disabled by the Administration, in a final decision by an ALJ dated July 10, 2008 (Tr. 41-53). This Court reviewed the ALJ's decision upon Plaintiff's appeal. A Report and Recommendation was submitted on January 27, 2010 (Doc. 26).

In its Report, the Court concluded that the ALJ correctly found that R.B.'s cerebral palsy did not interfere with her age-appropriate major daily activities, and that the ALJ correctly found

1

no marked limitation in the "moving about and manipulating objects" domain, the "health and physical well-being" domain, and the "attending and completing tasks" domain.

This Court did find that the ALJ erred in failing to discuss, with specificity, the ALJ's credibility determination of Plaintiff. Specifically, this Court determined that the ALJ found Plaintiff to be less credible only because the ALJ had come to a conclusion that was inconsistent with Plaintiff's statements. In other words, the ALJ provided no basis that could be found in the record for the determination that Plaintiff was less than credible. Additionally, the Court found that the ALJ erred in concluding that R.B. had no marked limitation in the "caring for yourself" domain. As the Court previously stated in its Report, "[u]nfortunately, the ALJ did not build a logical bridge from the evidence – or even mention what that evidence was – to the conclusion, and therefore, prevented meaningful review" (Doc. 26).

Based on these findings of fact and conclusions of law, the Court recommended that the ALJ's decision be reversed and remanded for further proceedings and a new decision. This recommendation was adopted by Judge Gilbert in an April 27, 2010 Order (Doc. 29). On remand, the ALJ was asked to comply with Social Security Ruling 96-7p by explaining the reasons for her assessment of Plaintiff's credibility. The ALJ was further asked to support her conclusion about R.B.'s ability to care for herself with specific evidence that would allow for meaningful review.

After the decision of the ALJ was reversed and remanded, Plaintiff filed a motion for attorney's fees under EAJA (Doc. 33).

## **APPLICABLE LAW**

EAJA states, in part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil

> action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Seventh Circuit has held that "a position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner bears the burden of proving that both his pre-litigation conduct – including the ALJ's decision itself – and his subsequent litigation position were justified based on a reasonable connection between the facts and the legal theory. *Id.*

The EAJA provides that a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) citing 28 U.S.C. § 2412(d)(1)(A)-(B); *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078, 1079 (7th Cir. 2000).

## ANALYSIS

### A. Applicability of 28 U.S.C. §2412(d)(1)(A)

There is no question that Plaintiff is the prevailing party in this case, or that the fee application was timely submitted to the Court. The Commissioner argues, however, that his position was substantially justified during both the pre-litigation and litigation stages of this case. The Commissioner further argues that the fees sought by Plaintiff are not reasonable.

As the Court stated in its Report and Recommendation, the ALJ failed to build a "logical bridge from the evidence to the conclusion" (Doc. 26).  As a result, any review of the decision was meaningless and impractical until modified upon remand.  In its Response to the Motion for Attorney's Fees, the Defendant argues that "where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision rests with the Commissioner." Doc. 34 *citing Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001).

In this case, however, the ALJ's decision failed to point to specific evidence in the record that conflicted with her ultimate conclusions.  Despite the Commissioner's argument that specific evidence in the record might have lead to the ALJ's conclusions, as the Court stated previously, the Commissioner bears the burden of proving that both his pre-litigation conduct – including the ALJ's decision itself – and his litigation position were substantially justified. *Stewart*, 561 F.3d at 683.  Here, the ALJ clearly erred by not building the bridge between the evidence in the record, and her conclusions.

This Court, therefore, finds that despite the existence of potentially conflicting record evidence, the failure by the ALJ to build a bridge between this evidence and her conclusions makes it impossible for the Commissioner to show that the pre-litigation conduct was substantially justified.

### B. Reasonableness of Requested Attorney's Fees

Defendant further argues that the attorney's fees requested by Plaintiff are unreasonable under EAJA.  The Court notes that Plaintiff's attorney and staff spent in excess of 45 hours in preparing this case.  Attached to the Motion for Attorney's Fees, Plaintiff submitted an itemized list of billing particulars (Doc. 33, exh. 3).  The Court is unable to find any billing hours that appear excessive, redundant, or otherwise unnecessary.  Further, as Plaintiff documents in her

Motion for Attorney's Fees, there are many cases in which sister district courts within the Seventh Circuit awarded fees under EAJA in excess of the amount requested by Plaintiff in this case. The Court believes that the expenditure of 44.9 attorney hours and 1.9 paralegal/assistant hours on the entirety of Plaintiff's appeal over a period of seventeen months is reasonable. The Court, therefore, determines that the amount requested by Plaintiff is not unreasonable under EAJA.

### C. To Whom Attorney's Fees Can be Paid

Plaintiff argues that because she assigned all of her rights to EAJA fees to her attorney, payment should be made directly to her attorney. In its Response, Defendant argues that Plaintiff cannot assign her right to any fees awarded under EAJA so that the entire amount is payable directly to Plaintiff's attorney. Addressing this issue, the Supreme Court stated:

> The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite-it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

*Astrue v. Ratliff*, __ U.S. __, 2010 WL 2346547, at *5 (June 14, 2010).

Based on the Supreme Court's recent decision, it is clear that an attorney does not have a statutory right to attorney's fees, but rather the fees are awarded to the prevailing party only. Astrue did not, however, deny an attorney the ability to acquire a beneficial interest or a contractual right to any awards or fees directly payable to a litigant. This contractual right is limited to the amount of money that is payable directly to the litigant, though. In other words, any federal offset that applies to a litigant's award, also applies to the contractual right of the attorney to that award. Therefore, in this case, Defendant is allowed to subtract any

administrative offsets that would apply towards an outstanding federal debt, and Plaintiff's attorney would be contractually entitled to the remainder.

## RECOMMENDATION

It is **RECOMMENDED** that the Plaintiff's request for attorney's fees in the amount of $7,906.75, pursuant to 28 U.S.C. § 2412(d)(1)(A) of the Equal Access to Justice Act, be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's award of attorney's fees be subject to any administrative offset to satisfy any of Plaintiff's pre-existing debt to the United States; any remaining award is to be payable directly to Plaintiff's attorney.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1 (b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED**

**DATED: July 22, 2010.**

                                                      **/s/ Philip M. Frazier**
                                                     **HON. PHILIP M. FRAZIER**
                                                     **UNITED STATES MAGISTRATE JUDGE**